# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CAMMIE'S SPECTACULAR SALON, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>MID-CENTURY INSURANCE COMPANY,<br><br>    Defendant. | Civil Action No. _____<br><br>**NOTICE OF REMOVAL** |

TO THE JUDGES OF THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Mid-Century Insurance Company ("Mid-Century"), by its attorneys, hereby removes this action from the Superior Court of New Jersey Law Division, County of Burlington, to the United States District Court for the District of New Jersey, and as grounds for removal states as follows:

1.  On August 5, 2020, Mid-Century was served, via the New Jersey Department of Insurance, with a Summons and Complaint in a putative class action filed by Plaintiff Cammie's Spectacular Salon ("Plaintiff" or "Cammie's"), individually, and on behalf of all others similarly situated, in the Superior Court of

New Jersey Law Division, County of Burlington, Case No. BUR-L-001467-20 (the "State Court Action").

2. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Complaint and Summons are attached hereto as Exhibits 1 and 2, respectively.

3. On August 24, 2020, Plaintiff filed a Notice of Motion to Opt into Complex Business Program Pursuant to Rule 4:102-4(a). A true and correct copy of this filing is attached hereto as Exhibit 3.

4. Other than these documents, no pleadings, process, or orders have been served upon Mid-Century in the State Court Action.

## Procedural Requirements for Removal

5. Removal of the State Court Action to this Court satisfies the procedural requirements of 28 U.S.C. § 1446. This Court is the "district court of the United States for the district and division within which [this] action is pending." 28 U.S.C. § 1446(a).

6. Removal of the State Court Action is proper under 28 U.S.C. § 1441(a) because Burlington County, where this action was filed, is within the District of New Jersey. *See* 28 U.S.C. § 110.

7. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it was filed within 30 days after the receipt by Mid-Century, through service or otherwise, of a copy of the initial pleading setting forth the claim for

relief upon which such action or proceeding is based or, if the case stated by the initial pleading was not removable, within 30 days after receipt by Mid-Century, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

8. Pursuant to 28 U.S.C. § 1446(d), Mid-Century will serve this Notice of Removal on counsel of record for Cammie's, Bethany L. Barrese, Saxe Doernberger & Vita, P.C., 35 Nutmeg Drive, Suite 140, Trumbull, CT 06611.

9. Pursuant to 28 U.S.C. § 1446(d), Mid-Century will also file a copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey Law Division, County of Burlington, with a copy to Cammie's counsel.

General Diversity Jurisdiction

10. The State Court Action is properly removed to this Court under 28 U.S.C. §§ 1441(a) and 1332(a)(1) because the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states.

11. The Complaint asserts causes of action for breach of contract and declaratory relief arising from Plaintiff's claim for coverage under a commercial property insurance policy issued by Mid-Century. Ex. 1 at 14-17. The Complaint alleges that Plaintiff is entitled to coverage under the policy for "the actual loss of 'business income' sustained by Cammie's and other members of the class" and

"the necessary 'extra expense' that Cammie's and other members of the class incurred" as a result of Covid-19 and New Jersey governmental orders issued in response to it. *Id.*; *see also id.* ¶¶ 24-33.

12. The Complaint does not specify the amount of Cammie's alleged damages, but in its August 24, 2020 Notice of Motion to Opt in to Complex Business Program Pursuant to Rule 4:102-4(a), Plaintiff states that the amount in controversy on its breach of contract and declaratory judgment claims "will exceed $200,000[,]" thus satisfying the jurisdictional threshold for diversity jurisdiction under 28 U.S.C. § 1332(a). *See* Ex. 3 ¶¶ 4, 5.

13. Mid-Century is citizen of the State of California, where it is incorporated and where it has its principal place of business.

14. According to the Complaint, Cammie's is a limited-liability company, organized and existing under the laws of the State of New Jersey, with its principal place of business in New Jersey. Ex.1 ¶ 8.

15. For purposes of diversity jurisdiction, the citizenship of an LLC is determined by the citizenship of each of its members. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). According to the Complaint, Cammie's is owned and operated by Trina Stroman. Ex.1 ¶ 8. On information and belief, Trina Stroman is a citizen of the State of New Jersey and is not a citizen of the State of California.

16. Because Cammie's is a citizen of the State of New Jersey and Mid-Century is a citizen of the State of California, there is complete diversity jurisdiction in the State Court Action.

17. The citizenship of members of the Class other than Plaintiff, as named class representative, is not considered. *See Devlin v. Scardelletti*, 536 U.S. 1, 10 (2002).

18. For all of the foregoing reasons, removal is proper under 28 U.S.C. § 1441(a) and 1332(a)(1).

Diversity Jurisdiction under CAFA

19. CAFA permits removal of putative class actions pending in state court if the aggregate matter in controversy exceeds $5,000,000, any member of the alleged plaintiff class is a citizen of a state different from any defendant, and the proposed class has at least 100 members. *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453(b). To remove under CAFA, "a defendant's notice of removal need include only a plausible allegation" that these requirements are met. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

20. The State Court Action is a class action under CAFA. Plaintiff alleges that she represents a class defined as follows:

> All New Jersey persons and entities that had an insurance policy issued by Mid-Century that included a Building and Personal Property Coverage Form; suffered a suspension or closure of business related to SARS-COV-2 and/or

> COVID-19 at the premises covered by their Mid-Century insurance policy, and had their claim for coverage denied by Mid-Century for the suspension or closure of business resulting from the presence or threat of SARS-COV-2 and/or COVID-19 ("the "Class").

Ex. 1 ¶ 44.

21.  Plaintiff alleges that "the Class consists of thousands of members or more[.]" Ex. 1 ¶ 48. As defined and described by Plaintiff, the putative Class exceeds 100 members, satisfying the numerosity requirement of 28 U.S.C. § 1332(d)(5)(B).

22.  CAFA's minimal diversity requirement is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). According to the Complaint, Cammie's is a limited-liability company organized and existing under the laws of the State of New Jersey with its principal place of business in New Jersey. Ex. 1 ¶ 8. For purposes of diversity, the citizenship of a limited-liability company is determined by the citizenship of all of its members. *Zambelli Fireworks*, 592 F.3d at 420. According to the Complaint, Cammie's is owned and operated by Trina Stroman. Ex. 1 ¶ 8. On information and belief, Ms. Stroman is Cammie's sole member and a citizen of the State of New Jersey.

23.  Mid-Century is not a citizen of New Jersey. For purposes of federal jurisdiction, corporations and unincorporated associations are deemed to be

citizens of the states in which they were incorporated and the states in which they have principal places of business. 28 U.S.C. §§ 1332(c)(1), (d)(10). Mid-Century is an insurance company organized under the laws of California with its principal place of business in California.

24. Accordingly, because one or more of the members of the putative class is a citizen of New Jersey, and Mid-Century is not a citizen of New Jersey, CAFA's minimal diversity requirement is satisfied.

25. The Complaint does not specify the amount of Cammie's alleged damages, but in its August 24, 2020 Notice of Motion to Opt in to Complex Business Program Pursuant to Rule 4:102-4(a), Plaintiff states that the amount in controversy on its breach of contract and declaratory judgment claims "will exceed $200,000." *See* Ex. 3 ¶¶ 4, 5. Plaintiff alleges that other class members are "similarly situated" to Plaintiff, Ex. 1 at 1; that Plaintiff's claims are "typical" of those of other class members, *id.* ¶ 50; and that "common legal or factual questions" among class members include "[t]he appropriate measure of damages." *Id.* ¶ 47(e). The complaint seeks recovery of damages and attorney's fees. *Id.* at 17.

26. With a class size of 100 members or more, average alleged damages per putative class member of a quarter of the amount claimed by Plaintiff would meet CAFA's matter-in-controversy requirement of $5,000,000.

27. Therefore, CAFA's matter-in-controversy requirement of 28 U.S.C. § 1332(d) is satisfied, according to Plaintiff's allegations and submissions.

28. For all of the foregoing reasons, removal of this State Court Action is proper under CAFA.

29. Nothing in this Notice of Removal constitutes a waiver or admission of any allegation, defense, argument, or principle of equity available to Mid-Century.

WHEREFORE, pursuant to 28 U.S.C. § 1332, 1441, 1446, and 1453, Mid-Century hereby removes the State Court Action to the United States District Court for the District of New Jersey.

Dated:  September 3, 2020           HOGAN LOVELLS US LLP

  *s/ Jessica K. Jacobs*
Jessica K. Jacobs (NJ ID No. 038002011)
jessica.jacobs@hoganlovells.com
Jason M. Russell (NJ ID No. 294212019)
jason.russell@hoganlovells.com
David Newmann
*(pro hac vice application to be filed)*
david.newmann@hoganlovells.com
HOGAN LOVELLS US LLP
1735 Market Street, 23rd Floor
Philadelphia, PA 19103
Telephone: (267) 675-4600
*Attorneys for Defendant Mid-Century Insurance Company*

## **CERTIFICATE OF SERVICE**

I, Jessica K. Jacobs, hereby certify that, on September 3, 2020, I served via overnight and electronic mail a true and correct copy of the foregoing Notice of Removal, and all documents filed therewith, on Plaintiff's counsel.

Bethany L. Barrese, Esq.<br>
SAXE DOERNBERGER & VITA P.C.<br>
35 Nutmeg Drive, Suite 140<br>
Trumbull, CT 06611<br>
blb@sdvlaw.com

                                                  *s/ Jessica K. Jacobs*
                                                   Jessica K. Jacobs