IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CAMMIE'S SPECTACULAR SALON, individually, and on behalf of all others similarly situated, | : : : : : Civil No. 20-12324 (RBK/MJS) |
| Plaintiff, | : : **OPINION** |
| v. | : : |
| MID-CENTURY INSURANCE COMPANY, | : : : |
| Defendant. | : |

**KUGLER**, United States District Judge:

This matter has two items pending: Plaintiff Cammie's Spectacular Salon's appeal of an order denying their Motion to Amend the Complaint (Doc. No. 66) and Motion to Stay Litigation Pending Resolution of Third Circuit Appeal (Doc No. 82). For the reasons expressed below, the Motion to Stay is **DENIED**. The Magistrate Judge's order is **AFFIRMED**.

Plaintiff filed its original Complaint in the Superior Court of New Jersey Law Division, Burlington County on July 28, 2020 (Doc. No. 1-1). On September 3, 2020, Mid-Century removed the case to this Court on the basis of general diversity jurisdiction and diversity jurisdiction under the Class Action Fairness Act (Doc. No. 1). The original Complaint asserts claims for breach of contract and declaratory relief. Plaintiff brings this suit on behalf of itself and "[a]ll New Jersey persons and entities that had an insurance policy issued by Mid-Century . . . , that suffered a suspension or closure of business related to [the COVID-19 pandemic] at the premises covered by their Mid-Century insurance policy, and had their claim for coverage denied by Mid-Century . . . ."

I.     **Motion to Stay**

Plaintiff moves to stay this matter pending a consolidated appeal before the Third Circuit concerning fourteen similar but unrelated business interruption cases arising out of the COVID-19 pandemic. Plaintiff contends that the consolidated appeal presents the same common core questions as here, including the threshold question of coverage and the interpretation of "direct physical loss of or damage to" property.

The stay of a civil proceeding is "an extraordinary remedy." *Costantino v. City of Atl. City.*, No. 13-6667, 2015 WL 668161, at *3 (D.N.J. Feb. 17, 2015); *Trusted Transp. Sols., LLC v. Guarantee Ins. Co.*, No. 16-7094, 2018 WL 2187379, at *4 (D.N.J. May 11, 2018). We may stay a proceeding when "the interests of justice" mandate so. *United States v. Kordel*, 397 U.S. 1, 12n,27 (1970). Courts generally weigh a number of factors in determining whether to grant a stay, including: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create "a clear case of hardship or inequity" for the moving party; (3) "whether a stay would simplify the issues and the trial of the case"; and (4) "whether discovery is complete and/or a trial date has been set." *Akishev v. Kapustin*, 23 F. Supp. 3d 440, 446 (D.N.J. 2014). Further, "[w]here a stay is sought pending resolution of purportedly related litigation, as here, courts consider whether resolution of the related litigation would substantially impact or otherwise render moot the present action." *Id.*

(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party

Plaintiff states that a stay would prejudice neither party. Defendant argues that a stay would unduly prejudice them because it will delay their summary judgment motion and increase the possibility of lost or destroyed evidence in discovery, which Plaintiff has already delayed. Discovery is well

underway, and the parties have agreed to continue written discovery regardless of a stay. The consequence of a stay is the delay of any of the seven depositions that are not yet completed. We do not see a large prejudicial effect by delaying these depositions.

> (2) whether denial of the stay would create "a clear case of hardship or inequity" for the moving party

Plaintiff argues that forthcoming summary judgment would be burdensome and potentially wasteful, should the Third Circuit give clarity on questions in this case. But the "routine costs of litigation, without more, do not constitute a particular hardship." *Fresenius Kabi USA, LLC v. Fera Pharms., LLC*, Civ. No. 15-3654, 2017 WL 2213123, at *7 (D.N.J. May 19, 2017); *see also Akishev*, 23 F. Supp. 3d at 448 (finding that the incidental burden and cost of proceeding in the litigation fell "far short of 'a clear case of hardship or inequity'"). We note that the Third Circuit consolidated order was April 6, 2021, but Plaintiff did not motion for a stay until months later. This makes their case of hardship or inequity less clear.

> (3) "whether a stay would simplify the issues and the trial of the case"

As Plaintiff points out, there are similar questions in the consolidated appeal and here. But the potential for simplification of the issues is uncertain. First, the consolidated appeal is from dismissals on the pleadings, whereas this case has progressed to factual discovery and is nearly ready for summary judgment. Second, the District Court decisions in the consolidated appeal did not decide the particular exclusions raised by Defendant.

> (4) "whether discovery is complete and/or a trial date has been set"

This factor weighs against a stay because discovery is nearly complete.

In light of the four factors, which mostly weigh against a stay, we deny the motion to stay. Without a stay of the proceedings, we proceed to the appeal of the denial of the motion to amend.

## II.     Appeal of Denial of Motion to Amend

On December 1, 2020, Plaintiff moved to amend its complaint to add a claim for breach of the covenant of good faith and fair dealing and to add a "Bad Faith Class" (Doc No. 37-1). Magistrate Judge Skahill heard oral argument on Plaintiff's Motion to Amend on June 9, 2021 and ruled from the bench denying Plaintiff's motion (Doc. No. 63, 64). His decision considered the standards for determining whether a proposed amendment should be denied as "futile" in light of New Jersey's well-established standards for pleading a claim for insurance bad faith, including the "fairly debatable" test (Mot. & Status Hr'g Tr. At 34-38). Applying those standards, the magistrate judge concluded that Mid-Century had a "fairly debatable" reason for denying the claim, making the proposed amendment futile.

A magistrate judge's ruling on a non-dispositive matter, such as a motion for leave to amend, may only be set aside if the "order is clearly erroneous or contrary to law." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). For a decision to be contrary to law, "the Court must find the magistrate judge misapplied or misinterpreted the applicable law." *Hooker v. Novo Nordisk Inc.*, No. 16-4562, 2019 WL 2521749, at *2 (D.N.J. June 19, 2019) (citing *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998)).

An amendment to a complaint is futile if "the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "[T]he futility of an amendment may only serve as a basis for denial of leave to amend where 'the proposed amendment is frivolous or advances a claim that is legally insufficient on its face.'" *Miller v. Beneficial Mgmt. Corp.*, 844 F. Supp. 990, 1001 (D.N.J. 1993) (quoting *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990)). The proposed

4

amendment "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)).

Here, Plaintiff sought to add a bad faith claim. To do so, Plaintiff must plead sufficient factual matter to state that: "(1) the insurer lacked a 'fairly debatable' reason for its failure to pay a claim, and (2) the insurer knew or recklessly disregarded the lack of a reasonable basis for denying the claim." *Puzzo v. Metro. Life Ins. Co.*, No. 15-3190, 2016 WL 1224029, at *6 (D.N.J. Mar. 29, 2016). "[A] claimant who could not have established as a matter of law a right to summary judgment on the substantive [coverage] claim" fails to meet that "fairly debatable" standard, and "would not be entitled to assert" a bad faith claim. *Pickett v. Lloyd's,* 131 N.J. 457, 473 (1993).

Plaintiff fails to state claim for bad faith upon which relief could be granted. The policy covered physical loss and property damage. Plaintiff seeks coverage under this property insurance policy for losses resulting from COVID-19 stay-at-home orders. For insurance coverage purposes, COVID-19 stay-at-home orders do not cause "direct physical loss of or damage to property." *See, e.g., 7th Inning Stretch LLC v. Arch Ins. Co.*, No. 20-8161, 2021 WL 1153147, at *2 (D.N.J. Mar. 26, 2021). This is a "fairly debatable" reason for not paying the claim, so Plaintiff cannot state a bad faith claim.

Plaintiff suggests that Judge Skahill examined the merits of the bad faith allegations instead of assuming their veracity. Plaintiff appears to be arguing that because Judge Skahill's discussion of the "fairly debatable" factor uses language similar to a summary judgment analysis, Judge Skahill made a legal error. On the bench, Judge Skahill noted that there are "material issues of disputed fact" about the denial of coverage. He said that there is "still good New Jersey authority interpreting direct physical loss to exclude coverage for Covid-19 related claims" which "suggests

5

there are facts which would allow a reasonable person to conclude that the defendant maintained at least a fairly debatable reason for denying the claim."

Judge Skahill found that because COVID-19 losses are not covered as physical loss, it is reasonable for an insurer to deny coverage. "Facts in dispute" refers to whether it was "fairly debatable" to deny coverage. The insurer did not lack a "fairly debatable" reason to deny coverage, so Plaintiff has not stated a claim for bad faith. This was an evaluation of the sufficiency of the pleadings, which is appropriate for a Motion to Amend.

Plaintiff insists that their bad faith claim pleading is sufficient because they allege that "[n]o reasonable basis exists for Mid-Century's denial of Cammie's claim." The factual allegations to support this conclusion are that Mid-Century hastily denied the claim without investigating the claim or the premises. But Judge Skahill is not obligated to accept as true the legal conclusion that Defendant's denial of coverage was baseless. However hasty Defendant's denial of coverage was does not change the fact that they had a fairly debatable reason to deny, precluding Plaintiff from stating a plausible claim for bad faith. We **AFFIRM** the order denying Plaintiff's Motion to Amend.

### III.     Conclusion

For the above reasons, Plaintiff's Motion to Stay is denied and the Magistrate Judge's order denying their Motion to Amend the Complaint is affirmed. An order follows.

Dated: February 17, 2022

ROBERT B. KUGLER
United States District Judge